**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KAMALDEEP SINGH,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

Case No. 1:26-cv-02477-JLT-FJS

A-Number: 203-543-269

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MISCELLANEOUS MOTION AND MOTION FOR EXPEDITED DECISION AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 7, 9)

Kamaldeep Singh is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 5.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 22-year-old native and citizen of India. (Doc. 1 at ¶ 21.) Petitioner first entered the United States on or about April 15, 2016, as a B-2 nonimmigrant visitor authorized to remain until October 14, 2019. (*Id*. at ¶ 57.) Petitioner failed to depart by that deadline and remained in the United States without permission of the Department of Homeland Security. (*Id*.)

Petitioner came to live in Madera, California and filed for asylum based on fear of political persecution if he were to return to India. (*Id*. at ¶ 56.) On May 1, 2023, Petitioner was arrested by the Madera Police Department for the offenses of Carrying a Loaded Firearm in a Public Place in violation of California Penal Code §25850(a), Manufacture, Sale or Possession of a Large Capacity Magazine in violation of California Penal Code §32310(a), and Carrying a Concealed Weapon in violation of California Penal Code § 25400(A). *Id*. (Doc. 6-1 at 3.) On March 26, 2024, Petitioner was arrested by the Madera Police Department for the offenses of Hit and Run in violation of California Vehicle Code § 20002(A) and Driving without a License in violation Of California Vehicle Code § 12500(a). (*Id*.)

On September 25, 2025, Petitioner was arrested at the Madera County Courthouse by ICE officers pursuant to an administrative warrant. (*Id*.) He was placed in removal proceedings and served with a Notice to Appear, charging removability under 8 U.S.C. § 1227(a)(1)(B) of the Immigration and Nationality Act, as a nonimmigrant under Section 101(a)(15) who remained in the United States for a time longer than permitted. (*See* Doc. 6-3.) Petitioner was transferred to the Golden State Annex Detention Facility in McFarland, California, where he has remained for over a year without a bond hearing. (Doc. 1 at ¶ 63.) On February 2, 2026, Petitioner was convicted of carrying a concealed weapon in a vehicle and later sentenced to formal probation. (*Id*. at ¶ 69.)

On March 31, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that Petitioners' detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.[1] (Doc. 1 at ¶¶ 72-82.) On April 22, 2026, Respondents filed an opposition, asserting that Petitioner is (1) properly detained under 8 U.S.C. § 1226(a) after overstaying his nonimmigrant visa and (2) that he failed to exhaust his administrative remedies by not requesting a bond hearing before the immigration court. (*See* Doc. 6.) Petitioner did not file a reply but filed a "Request for Resolution of Pending Petition for Writ of Habeas Corpus" on July 23, 2026 (Doc. 7) and a renewed motion or

---

[1] Petitioner also asserts violations of Immigration and Nationality Act and Administrative Procedure Act. (Doc. 1 at ¶¶ 83-94.) The Court declines to address such claims, as habeas relief in this case is based on Petitioner's due process claims.

administrative relief based on newly obtained medical records (Doc. 9.) In his most recent briefing, Petitioner asserts that he has been suffering from a chronic unspecified anxiety disorder because of having been confined for almost a year. (Doc. 9 at 2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

### A. Exhaustion

In their opposition, Respondents contend that because Petitioner was admitted to the United States, he is subject to 8 U.S.C. § 1226(a) and ordinarily, would be entitled to a bond hearing. (Doc. 6 at 2.) Respondents argue that Petitioner failed to exhaust his administrative remedies before bringing this action because Petitioner has not filed a request bond hearing. (*Id.*)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the

petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted).

In this case, the Court finds that the pursuit of administrative remedies would be both a futile gesture and result in irreparable harm and adopts its prior reasoning. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at *5, n.7 (E.D. Cal. Jan. 29, 2026) (waiving exhaustion because of irreparable harm resulting from prolonging the petitioner's already lengthy detention). As such, the Court waives the prudential exhaustion requirement and turns to Petitioner's due process claims.

**B. Due Process**

Petitioner is currently charged as removable under 8 U.S.C. § 1227(a)(1)(B) which states: "Any alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." As such, Petitioner is currently in removal proceedings and her detention is governed by 8 U.S.C. § 1226(a), as Respondents concede in their opposition. (*See* Doc. 6 at 2.) Under § 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2).

Pursuant to the Form I-200 Administrative Warrant of Arrest, the Government has already made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending an outcome of his removal proceedings. (Doc. 6 at 2.) 8 C.F.R. § 1236.1(b)(1) provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the

time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). On habeas grounds, Petitioner now seeks immediate release or a bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner presents a flight risk or danger, or that this Court orders her immediate release. (*See* Doc. 1 at 15-16.) However, given that Petitioner overstayed his visa, Petitioner is entitled only to the relief afforded by applicable regulations. As this Court previously explained:

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). As such, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1). As such, the Court grants Petitioner's habeas petition to the extent he requests, and is entitled to, a custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.
2. The Miscellaneous Motion (Doc. 7.) is **DENIED as moot**.
3. The Motion for Expedited Decision (Doc. 9.) is **DENIED as moot**.
4. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if not detained.
5. **<u>At least 72 hours before</u>** the scheduled hearing, the Petitioner **SHALL** receive

notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

6. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

7. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[2]

8. The Clerk of Court is directed to serve Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

9. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: October 4, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.